**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

DISTRICT OF DELAWARE

Case number *(if known)* _____   Chapter   **11**

☐ Check if this is an amended filing

## Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy

04/25

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.**

| | | |
|---|---|---|
| 1. | **Debtor's name** | **SolarJuice American Inc.** |
| 2. | **All other names debtor used in the last 8 years** <br> Include any assumed names, trade names and *doing business as* names | **FDBA  Opal USA Inc.** |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **84-2673650** |

| | | | |
|---|---|---|---|
| 4. | **Debtor's address** | **Principal place of business** | **Mailing address, if different from principal place of business** |
| | | | **c/o Crowe Cayman Ltd.** <br> **94 Solaris Ave. Camana Bay, Grand Cayman** <br> **PO Box 30851, KY1-1204, Cayman Islands** |
| | | Number, Street, City, State & ZIP Code | P.O. Box, Number, Street, City, State & ZIP Code |
| | | County | **Location of principal assets, if different from principal place of business** |
| | | | Number, Street, City, State & ZIP Code |

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | **https://spigroups.com/** |
| 6. | **Type of debtor** | ■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) <br> ☐ Partnership (excluding LLP) <br> ☐ Other. Specify: _____ |

Debtor    **SolarJuice American Inc.**                                              Case number (*if known*) _____
Name

**7.** **Describe debtor's business**    A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

■ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

___**2382**___

**8.** **Under which chapter of the Bankruptcy Code is the debtor filing?**    *Check one:*

☐ Chapter 7

☐ Chapter 9

■ Chapter 11. *Check **all** that apply*:

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,424,000 (amount subject to adjustment on 4/01/28 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9.** **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
If more than 2 cases, attach a separate list.

■ No.
☐ Yes.

District _____ When _____ Case number _____
District _____ When _____ Case number _____

**10.** **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No
■ Yes.

Debtor __**SolarJuice American Inc.**_____   Case number (*if known*) _____
       Name

List all cases. If more than 1, attach a separate list

Debtor   **See Annex 1**_____   Relationship _____

District _____  When _____  Case number, if known _____

---

**11. Why is the case filed in *this district?***   *Check all that apply:*

☑ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☑ No

☐ Yes.   Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

   What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
                         Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes.   Insurance agency _____

        Contact name _____

        Phone _____

---

### Statistical and administrative information

**13. Debtor's estimation of available funds**   .   *Check one:*

☑ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

---

**14. Estimated number of creditors**

☑ 1-49
☐ 50-99
☐ 100-199
☐ 200-999

☐ 1,000-5,000
☐ 5001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

---

**15. Estimated Assets**

☐ $0 - $50,000
☐ $50,001 - $100,000
☐ $100,001 - $500,000
☐ $500,001 - $1 million

☑ $1,000,001 - $10 million
☐ $10,000,001 - $50 million
☐ $50,000,001 - $100 million
☐ $100,000,001 - $500 million

☐ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

---

**16. Estimated liabilities**

☐ $0 - $50,000
☐ $50,001 - $100,000
☐ $100,001 - $500,000
☐ $500,001 - $1 million

☑ $1,000,001 - $10 million
☐ $10,000,001 - $50 million
☐ $50,000,001 - $100 million
☐ $100,000,001 - $500 million

☐ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

---

Debtor    **SolarJuice American Inc.**                                    Case number (*if known*) _____
          Name

| | Request for Relief, Declaration, and Signatures |

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **07/31/2026**
               MM / DD / YYYY

**X**  **/s/ Graham Robinson**                                    **Graham Robinson**
       Signature of authorized representative of debtor          Printed name

Title    **Director**

**18. Signature of attorney**

**X**  **/s Frederick B. Rosner**                                Date  **07/31/2026**
       Signature of attorney for debtor                                MM / DD / YYYY

**Frederick B. Rosner**
Printed name

**The Rosner Law Group LLC**
Firm name

**824 North Market Street**
**Suite 801**
**Wilmington, DE 19801**
Number, Street, City, State & ZIP Code

Contact phone    **(302) 777-1111**        Email address    **rosner@teamrosner.com**

**3995 Delaware**
Bar number and State

## UNANIMOUS WRITTEN CONSENT
## OF THE VOTING STOCKHOLDERS OF SOLARJUICE AMERICAN INC.

The undersigned, constituting all of the stockholders of Solarjuice American Inc., a corporation incorporated under the laws of the State of Delaware (the "Company"), who are entitled to vote in accordance with the Company's ByLaws dated July 26, 2019 (the "ByLaws"), as may be amended and restated (the "Consenting Stockholder"), acting by written consent without a meeting pursuant to Sections 228 and 275, respectively, of the Delaware General Corporation Law of the State of Delaware (the "Code") and Article II, Section 6 of the ByLaws, does hereby consent to the adoption of the following resolutions:

WHEREAS, pursuant to Article III, Section 12 of the ByLaws, any and all directors may be removed by vote of the stockholders;

WHEREAS, pursuant to Article III, Section 3 of the ByLaws, a vacancy created by the removal of a director by the stockholders may be filled by the stockholders;

WHEREAS, pursuant to the Code, stockholder approval of the voluntary dissolution of the Company without Board approval or a meeting of stockholders requires unanimous written consent of stockholders;

WHEREAS, the undersigned Consenting Stockholder is the sole stockholder of the Company and is in voluntary liquidation in the Cayman Islands, with Mr. Graham Robinson and Mr. James Parkinson acting as its joint voluntary liquidators (the "JVLs"); and

WHEREAS, the JVLs have authority to take all actions necessary or desirable for the conduct of the voluntary liquidation of the Consenting Stockholder, including exercising shareholder rights and executing documents in respect of the Consenting Stockholder's wholly owned subsidiaries;

WHEREAS, the undersigned Consenting Stockholder deems it advisable and in the best interest of the Company and its stakeholders to remove the current directors of the Company; appoint a new director of the Company; and consider and effectuate the filing of a petition under chapter 11 of the Bankruptcy Code for the Company; and consider and effectuate a plan of liquidation of the Company in accordance with the laws of the State of Delaware;

1

**WHEREAS**, the Company is the sole member of Solar4America Technology Inc., a Delaware corporation;

**WHEREAS**, the undersigned Consenting Stockholder deems it advisable and in the best interest of the Company and its wholly owned subsidiary Solar4America Technology Inc. and its stakeholders (i) to remove the current directors of Solar4America Technology Inc.; (ii) appoint a new director for Solar4America Technology Inc.; (iii) consider and effectuate the filing of a petition under chapter 11 of the Bankruptcy Code for Solar4America Technology Inc.; and (iv) consider and effectuate a plan of liquidation of Solar4America Technology Inc. in accordance with the laws of the State of Delaware;

**NOW THEREFORE LET IT BE**:

**RESOLVED,** that the Consenting Stockholder hereby removes all currently appointed directors of the Company with immediate effect;

**RESOLVED FURTHER,** that the Consenting Stockholder hereby elects and appoints Graham Robinson, the director of the Consenting Stockholder, as the sole director of the Company (the "Sole Director") with immediate effect; and

**RESOLVED FURTHER,** that the Sole Director is hereby empowered, authorized, and directed to execute and file on behalf of the Company, all petitions, schedules, lists, applications, pleadings and other motions, papers, agreements, consents or documents, and to take any and all action that they deem necessary or proper to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operation of the Company's business;

**RESOLVED FURTHER,** that the Consenting Stockholder hereby instructs and directs the Sole Director to consider, prepare and implement a plan of liquidation of the Company (the "Plan");

**RESOLVED FURTHER,** that the Sole Director, is his capacity as such, without further action by the Consenting Stockholder or the Company's Board of Directors, is authorized and directed to make, execute, deliver or adopt any and all agreements, resolutions, conveyances, certificates and other documents of every kind that are deemed necessary, appropriate or desirable, in his reasonable discretion, including without limitation the preparation and filing of a petition for relief under Chapter 11 of the Bankruptcy Code, in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") and perform any and all such acts as are reasonable, advisable, expedient, convenient, proper or necessary to effect any of the forgoing; and

2

**RESOLVED FURTHER**, that the law firm of Klestadt Winters Jureller Southard & Stevens, LLP ("KWJSS") is hereby empowered, authorized, and directed to represent the Company as its general bankruptcy counsel, and to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, including the preparation of pleadings and filings; and in connection therewith, the Sole Director (and his delegates) is hereby empowered, authorized, and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Case, and to cause to be filed an appropriate application for authority to retain the services of KWJSS;

**RESOLVED FURTHER**, that the Sole Director (and his delegates) is hereby empowered, authorized, and directed to employ any other individual and/or firm as professionals or consultants or financial advisors to the Company as are deemed necessary to represent and assist the Company in carrying out its duties under Chapter 11 of the Bankruptcy Code, and in connection therewith, the Sole Director is hereby empowered, authorized, and directed to execute appropriate retention agreements, pay appropriate retainers, if required, prior to and immediately upon the filing of the Chapter 11 Case, and to cause to be filed an appropriate application for authority to retain the services of any such individual and/or firm;

**RESOLVED FURTHER**, that all acts lawfully done or actions lawfully taken by the Sole Director (or his delegates) or any of the Company's retained professionals to seek relief on behalf of the Company under Chapter 11 of the Bankruptcy Code or in connection with the Chapter 11 Case in connection with such proceedings, or any matter related thereof, are hereby adopted, ratified, confirmed, and approved in all respects as the acts and deeds of the Company;

**RESOLVED FURTHER**, that the Sole Director (and his delegates) is hereby authorized, empowered, and directed, in the name and on behalf of the Company, to cause the Company to enter into, execute, deliver, certify, file and/or record and perform such agreements, instruments, motions, affidavits, applications for approvals or ruling of governmental or regulatory authorities, certificates or other documents, to incur all such fees and expenses and to take such other action, as in the judgment of such Sole Director shall be or become necessary, proper and desirable to prosecute to a successful completion the Chapter 11 case (the "Chapter 11 Case"), to effectuate the restructuring of debt, other obligations, organizational form and structure and ownership of the Company and to carry out and put into effect the purposes of the foregoing resolutions and the transactions contemplated by these resolutions;

**RESOLVED FURTHER**, that the Sole Director (and his delegates) is hereby empowered, authorized, and directed to take such actions as the Sole Director deems necessary, appropriate, advisable or desirable to pursue and maximize the benefits of the Company's

3

Chapter 11 Case, including without limitation, pursuing and consummating any sale or sales of the Company's assets the Sole Director deems necessary or appropriate, developing, negotiating, confirming and performing under a bankruptcy plan of reorganization, and negotiating, executing and delivering on behalf of the Company any and all agreements, instruments and related documents that, in the judgment and discretion of the Sole Director is necessary, appropriate, advisable or desirable for pursuing and consummating such sale or sales of the Company's assets or for such development, negotiation and confirmation of, and performance under, such a bankruptcy plan of reorganization, including without limitation executing asset purchase agreements, plans and related documents;

**RESOLVED FURTHER**, that in addition to the specific authorizations heretofore conferred upon the Sole Director, the Sole Director (and his delegates) is hereby empowered, authorized, and directed, in the name of and on behalf of the Company, to take or cause to be taken any and all such other and further action, to amend, supplement or otherwise modify from time to time, and to execute, acknowledge, deliver and file any and all such agreements, certificates, instruments and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such Sole Director's judgment, shall be necessary, advisable or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein;

**RESOLVED FURTHER,** the Company, as the sole member of Solar4America Technology Inc., is authorized and directed to make, execute, deliver or adopt any and all agreements, resolutions, conveyances, certificates and other documents of every kind that are deemed necessary, appropriate or desirable, in its reasonable discretion for Solar4America Technology Inc., including without limitation (i) to remove the current directors of Solar4America Technology Inc.;  (ii) appoint a new director for Solar4America Technology Inc.; (iii) consider and effectuate the filing of a petition under chapter 11 of the Bankruptcy Code for Solar4America Technology Inc.; and (iv) consider and effectuate a plan of liquidation of Solar4America Technology Inc. in accordance with the laws of the State of Delaware;

**RESOLVED FURTHER**, that any and all acts authorized pursuant to, and performed prior to the execution of, this Consent in furtherance of these resolutions are hereby ratified and approved; and

**RESOLVED FURTHER**, that this Consent may be executed in one or more counterparts, each of which shall constitute an original document, but all of which taken together shall constitute but one instrument, and each counterpart shall be effective with respect to each person signing it, even if another person whose signature is contemplated hereunder does not sign the same counterpart.

4

**SIGNATURE PAGE TO FOLLOW**

**IN WITNESS WHEREOF**, the undersigned Consenting Stockholder has duly executed this Unanimous Written Consent as of __25__ day of February 2026.

SOLARJUICE CO., LTD.
(IN VOLUNTARY LIQUIDATION)

BY: _____ .

**Graham Robinson**
in his capacity as Joint Voluntary Liquidator
of Solarjuice Co., Ltd. (In Voluntary
Liquidation), the 100% Stockholder of the
Company

6

## ANNEX 1

### Schedule of Debtors

On April 17, 2026, SPI Energy Co., Ltd. ("SPI Energy") filed a voluntary petition for relief under chapter 15 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court").  The case is pending before the Honorable Mary F. Walrath under Case No. 26-10536.  On May 22, 2026, the Court entered an *Order Granting Recognition of Cayman Proceeding as Foreign Main Proceeding Pursuant to Section 1517 of the Bankruptcy Code and Granting Related Relief* ("Recognition Order") [Docket No. 20].  SPI Energy is a worldwide holding company, with direct and indirect subsidiaries incorporated in Delaware, including, without limitation, the affiliated entities listed below.

On July 31, 2026, each of the affiliated entities listed below (including the debtor in this chapter 11 case) filed in this Court a petition for relief under chapter 11 of the Bankruptcy Code.

| Debtor's Name | Debtor's EIN |
|---|---|
| SPI Solar, Inc. | 20-4956638 |
| EdisonFuture Inc. | 85-3108437 |
| SolarJuice American Inc. | 84-2673650 |
| Solar4America Technology Inc. | 86-1914360 |

**Fill in this information to identify the case:**

Debtor name   **SolarJuice American Inc.**

United States Bankruptcy Court for the:   DISTRICT OF DELAWARE

Case number (if known) _____

☐ Check if this is an
amended filing

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors   12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐   *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐   *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐   *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐   *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐   *Schedule H: Codebtors* (Official Form 206H)
☐   *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐   Amended *Schedule* _____
■   *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
☐   Other document that requires a declaration   _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   **July 31, 2026**          *X*   **/s/ Graham Robinson**
                                              Signature of individual signing on behalf of debtor

                                              **Graham Robinson**
                                              Printed name

                                              **Director**
                                              Position or relationship to debtor

| Fill in this information to identify the case: | |
|---|---|
| Debtor name | **SolarJuice American Inc.** |
| United States Bankruptcy Court for the: | **DISTRICT OF DELAWARE** |
| Case number (if known): | |

☐ Check if this is an amended filing

# Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders
**12/15**

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| **Alexander, Winton & Associates, Inc. c/o Sakamaki Law Firm 500 N. State College Blvd., Suite 1100 Attn:  Francis T. Sakamaki Orange, CA 92868** | **Francis Toshishige Sakamaki francis@orangecountylaw.net (714) 634-1101** | **Litigation Claim** | **Contingent Unliquidated Disputed** | | | **$137,555.05** |
| **Anthony DiMaggio** | **TDimaggio@petersendean.com** | **Wages** | **Contingent Unliquidated Disputed** | | | **Unknown** |
| **Blue Water - Dupont LLC 1130 W Trenton Avenue Orange, CA 92867** | **Gregg Miller** | **Litigation Claim** | **Contingent Unliquidated Disputed** | | | **Unknown** |
| **Chi Shing Vincent Au c/o Wilshire Law Firm 660 S. Figueroa Street Sky Lobby, Attn: John Yslas Los Angeles, CA 90017** | **John G. Yslas john.yslas@wilshirelawfirm.com 800-535-7022** | **Litigation Claim** | **Contingent Unliquidated Disputed** | | | **Unknown** |
| **Cloudroi, LLC c/o Corey Szalai Law, PLLC 10333 Seminole Blvd., Unit 2 Attn: Corey Szalai Seminole, FL 33778** | **Corey Szalai corey@cslawpllc.com 727-300-1029** | **Default Judgment** | **Disputed** | | | **$57,693.50** |

Debtor   **SolarJuice American Inc.**
_____
   Name

Case number *(if known)*   _____

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| **Cody Blevins c/o Parker Stanbury LLP 444 South Flower Street, 19th Floor Attn: Gabriela Carrillo Los Angeles, CA 90071-2901** | **Gabriela R. Carrillo gcarrillo@parkstan .com 213-622-5124** | **Unpaid wages and unreimbursed business expenses** | **Contingent Unliquidated Disputed** | | | **$40,694.99** |
| **Cranbrook Realty 4701 Sisk Road, Suite 101 Modesto, CA 95350-6531** | **Jim Devenport info@cranbrookgro up.com (209) 549-4960** | **Litigation Claim** | **Contingent Unliquidated Disputed** | | | **Unknown** |
| **Danzas Corporation dba DHL Global Forwarding c/o Haight Brown & Bonesteel 555 South Flower Street, 45th Floor Annette Mijanovic and Philip McDermott Los Angeles, CA 90071** | **Philip E. McDermott pmcdermott@hbbl aw.com 213-542-8000** | **Default Judgment** | **Disputed** | | | **$286,401.95** |
| **DL Freight Solutions, LLC c/o High West Law, PC 401 Ryland Street, Suite 301 Attn:  Damon Booth and Michael Martel Reno, NV 89502** | **Damon L. Booth dbooth@highwestl aw.com 775-507-2557** | **Default Judgment** | **Disputed** | | | **$26,064.78** |
| **Gloria Pauline Manansala 65 Edgegate Court Danville, CA 94506** | **Gloria Pauline Manansala** | **Order, Decision or Award of the Labor Commissioner** | **Disputed** | | | **$25,188.62** |
| **J.B. Wholesale Roofing and Building Supplies, Inc., co/ Gibbs Giden Locher Turner Senet & Wittbrodt LLP 12100 Wilshire Blvd., Suite 300 Los Angeles, CA 90025** | **Sara Kornblatt skornblatt@gibbsg iden.com 310-552-3400** | **Litigation Claim** | **Contingent Unliquidated Disputed** | | | **$500,113.54** |

Debtor    **SolarJuice American Inc.**
     Name

Case number *(if known)*

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| **JAJ Roofing dba Citadel Roofing & Solar c/o Venable LLP 101 California Street, Suite 3800 John S. Worden and Christopher Brown San Francisco, CA 94111** | **John S. Worden**<br><br>**jsworden@venable.com**<br>**415-653-3750** | **Litigation Claim** | **Contingent Unliquidated Disputed** | | | **$402,753.35** |
| **Nkosi Leach and Chi Shing Vincent c/o Wilshire Law Firm 660 S. Figueroa Street, Sky Lobby John Yslas, Jeffrey Bils, Aram Boyadjian** | **John G. Yslas**<br><br>**john.yslas@wilshirelawfirm.com**<br>**213-381-9988** | **Litigation Claim** | **Contingent Unliquidated Disputed** | | | **Unknown** |
| **Polsource, Inc. c/o Glassberg, Pollak & Associates 100 4th Street, Suite 570 Robert L. Pollak and Denis Klavdianos San Rafael, CA 94901** | **Robert L. Pollak**<br><br>**ga@glassberg—pollak.com**<br>**415-291-8320** | **Judgment** | **Disputed** | | | **$163,887.40** |
| **Rexel USA, Inc dba Platt Electric Supply c/o Pascuzzi, Pascuzzi & Stoker 2377 West Shaw Avenue, Suite 101 Attn:  Steven R. Stoker Fresno, CA 93711** | **Steven R. Stoker**<br><br>**sstoker@pascuzzi.net**<br>**559-227-1100** | **Litigation Claim** | **Contingent Unliquidated Disputed** | | | **$404,940.80** |
| **Ryan Companies US, Inc. c/o The Roarty Law Firm, PLLC 3701 Bee Caves Road Attn:  Nicholl Wade Austin, TX 78746** | **Nicholl Wade**<br><br>**nicholl@roartylawfirm.com**<br>**512.692.6870** | **Default Judgment** | **Disputed** | | | **$115,515.04** |
| **SME Service LLC c/o Mazzola Lindstrom LLP 212 Avenue of the Stars, Suite 800 Attn:  Aimee Scala Los Angeles, CA 90067** | **Aimee Scala**<br><br>**aimee@mazzolalindstrom.com**<br>**323.208.9774** | **Litigation Claim** | **Contingent Unliquidated Disputed** | | | **$1,335,466.96** |

Debtor **SolarJuice American Inc.**　　　　　　　　　　　　　　Case number *(if known)* _____
　　Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | **Total claim, if partially secured** | **Deduction for value of collateral or setoff** | **Unsecured claim** |
| **SRS Distributing, Inc. dba Roofline Supply and Delivery, c/o Gibbs Giden Locher Turner Senet & Wittbrodt LLP 12100 Wilshire Blvd., Suite 300 Los Angeles, CA 90025** | **Sara H. Kornblatt, Esq.** **skornblatt@gibbsgiden.com 310.552.3400** | **Default Judgment** | **Disputed** | | | **$877,559.41** |
| **State of California Franchise Tax Board PO Box 942857 Sacramento, CA 94257-0511** | **(800) 852-5711** | **Litigation Claim** | **Contingent Unliquidated Disputed** | | | **$325.61** |
| **The Danville Group d/b/a Rootstock Software, c/o Foley & Lardner LLP 555 California Street, Suite 1700 Alan R. Ouellette and Daniyal M. Habib San Francisco, CA 94104** | **Alan R. Oullette** **aouellette@foley.com 415.434.4484** | **Litigation Claim** | **Contingent Unliquidated Disputed** | | | **$418,637.00** |

# United States Bankruptcy Court
### District of Delaware

In re   **SolarJuice American Inc.**         Case No. _____
                Debtor(s)         Chapter    **11** _____

### CORPORATE OWNERSHIP STATEMENT (RULE 7007.1)

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1 and to enable the Judges to evaluate possible disqualification or recusal, the undersigned counsel for   **SolarJuice American Inc.**   in the above captioned action, certifies that the following is a (are) corporation(s), other than the debtor or a governmental unit, that directly or indirectly own(s) 10% or more of any class of the corporation's(s') equity interests, or states that there are no entities to report under FRBP 7007.1:

**SolarJuice Co., Ltd. (Cayman)**
**c/o Crowe Cayman Ltd.**
**94 Solaris Ave. Camana Bay, Grand Cayman**
**PO Box 30851, KY1-1204, Cayman Islands**

**SPI Energy Co., Ltd.**
**c/o Crowe Cayman Ltd.**
**94 Solaris Ave. Camana Bay, Grand Cayman**
**PO Box 30851, KY1-1204, Cayman Islands**

**SPI Investments Holding Limited (BVI)**
**c/o Crowe Cayman Ltd.**
**94 Solaris Ave. Camana Bay, Grand Cayman**
**PO Box 30851, KY1-1204, Cayman Islands**

☐ None [*Check if applicable*]

**July 31, 2026** _____
Date

**/s/ Graham Robinson** _____

**Graham Robinson**
**Director of SolarJuice American Inc.**
**c/o Crowe Cayman Ltd.**
**94 Solaris Avenue, Camana Bay, Grand Cayman**
**P.O. Box 30851, KY1-1204, Cayman Islands**
**graham.robinson@crowe.com**

# United States Bankruptcy Court
### District of Delaware

In re    **SolarJuice American Inc.**

_____

Debtor(s)

Case No. _____

Chapter    **11**

## LIST OF EQUITY SECURITY HOLDERS

Following is the list of the Debtor's equity security holders which is prepared in accordance with rule 1007(a)(3) for filing in this Chapter 11 Case

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
|---|---|---|---|
| **SolarJuice Co., Ltd. (Cayman)** <br> **c/o Crowe Cayman Ltd.** <br> **94 Solaris Ave. Camana Bay, Grand Cayman** <br> **PO Box 30851, KY1-1204, Cayman Islands** | | | **100% Owner of SolarJuice American Inc.** |
| **SPI Energy Co., Ltd.** <br> **c/o Crowe Cayman Ltd.** <br> **94 Solaris Ave. Camana Bay, Grand Cayman** <br> **PO Box 30851, KY1-1204, Cayman Islands** | | | **100% Owner of SPI Investments Holding Limited (BVI)** |
| **SPI Investments Holding Limited (BVI)** <br> **c/o Crowe Cayman Ltd.** <br> **94 Solaris Ave. Camana Bay, Grand Cayman** <br> **PO Box 30851, KY1-1204, Cayman Islands** | | | **100% Owner of SolarJuice Co., Ltd. (Cayman)** |

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the **Director** of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing List of Equity Security Holders and that it is true and correct to the best of my information and belief.

Date    **July 31, 2026**

Signature    **/s/ Graham Robinson**

**Graham Robinson**

_Penalty for making a false statement of concealing property:_ Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.

Sheet 1 of 1 in List of Equity Security Holders